# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | * |
| | * |
| **JOAN LIRETTE, WIFE OF/AND KEITH LIRETTE** | * **CIVIL ACTION** |
| | * |
| | * **NO.** |
| **VERSUS** | * |
| | * **SECTION ""** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * |
| | * **JUDGE** |
| | * |
| | * **MAGISTRATE** |
| | * |

**********************************************

## NOTICE OF REMOVAL

      **NOW COMES**, through undersigned counsel, Defendant State Farm Fire and Casualty Company ("State Farm"), who, pursuant to 28 U.S.C. § 1332,  removes this matter from the 29th Judicial District Court, Parish of St. Charles, State of Louisiana, to the docket of this Honorable Court.

### I.      INTRODUCTION

      1.      This is a Hurricane Ida insurance coverage and bad faith case.  On January 24, 2023, Joan Lirette and Keith Lirette ("Plaintiffs"), who are domiciled in St. Charles Parish, Louisiana, filed their *Petition for Damages and Breach of Contract* ("Petition") in Docket No. 91668 in the 29th Judicial District Court, Parish of St. Charles, State of Louisiana.  Exhibit "A," Petition for Damages.

      2.      State Farm was served with the Petition on January 30, 2023 through the Louisiana Secretary of State. *See* Exhibit "B," State Court Record.

3.      Plaintiffs seek damages as well as statutory penalties and attorney's fees for State Farm's alleged bad faith handling of Plaintiffs' Hurricane Ida insurance claim. *See* Petition at ¶ 18.

4.      Removal is appropriate based on diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendants. *See* Petition at ¶ 13.

5.      State Farm did not file any responsive pleading in state court prior to removal and will file its initial responsive pleading in accordance with Federal Rule of Civil Procedure 81(c).

6.      Promptly upon filing this Notice of Removal, State Farm is also filing a Notice of Filing of Removal with the state court in which this case was previously pending.

## II.      GROUNDS FOR REMOVAL

7.      This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.  Complete Diversity Exists Between the Parties

8.      The Petition alleges that Plaintiffs are domiciled in St. Charles Parish, Louisiana. Petition at Introductory Paragraph.  Accordingly, Plaintiffs are citizens of Louisiana for purposes of diversity jurisdiction.

9.      State Farm Fire and Casualty Company was at the time this action was commenced, and still is, a citizen of Illinois, pursuant to 28 U.S.C. § 1332(c)(1).  Its headquarters are in Illinois and its principal place of business is in Illinois.

### B.  The Amount in Controversy Exceeds $75,000.00

10.      Plaintiffs' Petition is removable on its face. *See Bienemy v. Hertz Corp.*, No. 16-15413, 2016 WL 6994200 at *2 (E.D. La. Nov. 30, 2016) (Morgan, J.) (explaining a defendant

can show the amount in controversy requirement is met "by demonstrating that it was facially apparent from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold . . .").

11.   Specifically, Paragraph 13 of the Petition alleges that "110,514.79 is owed to the Plaintiffs."  Plaintiffs further aver that their contents claim remains open.  Petition at ¶ 13.

12.   Plaintiffs also allege that State Farm has violated La. R.S. §§ 22:1892 and 22:1973, and are liable to Plaintiffs for penalties and attorney's fees.  *See* Petition at ¶ 18, Concluding Paragraph.  The Court should also consider claims for statutory damages and attorney's fees when ascertaining the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Henderson v. Allstate Fire & Cas. Ins. Co.*, 154 F. Supp. 3d 428, 433 (E.D. La. 2015).

13.   While State Farm admits neither liability nor any element of damages, the amount asserted in the Petition along with the statutory penalties, attorney's fees, and other damages demanded by Plaintiffs satisfy the amount in controversy under 28 U.S.C. § 1332(a).

### III.   VENUE

14.   Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana.

### IV.   PROCEDURAL REQUIREMENTS

15.   Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
| --- | --- |
| **A.** | Plaintiffs' Petition for Damages |
| **B.** | Copy of State Court Record |

| **C.** | State Farm's Certificate of Compliance with 28 U.S.C. § 1446(d) |
|---|---|

16.     This Notice of Removal is being filed within thirty (30) days of January 30, 2023, the date State Farm was served with Plaintiffs' Petition through the Louisiana Secretary of State. Ex. "B," State Court Record. This notice of removal is thus timely filed under 28 U.S.C. § 1446(b).

17.     There exists an actual and justiciable controversy between Plaintiffs and State Farm with regard to the legal issues herein and this controversy and the amount thereof is within the jurisdiction of this Court.

18.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice. *See* Exhibits "A," and "B".

19.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. *See* Exhibit "C," State Farm's Certificate of Compliance.

20.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the Parish of St. Charles, State of Louisiana promptly after filing of same.

21.     The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

_____/s/ Douglas J. Cochran_____
Douglas J. Cochran, La. Bar No. 20751
Walter F. Metzinger, III, La. Bar No. 37799
STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200

*Attorneys for State Farm Fire and Casualty Company*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed and/or e-mail, this 1st day of March, 2023.

_/s/ Douglas J. Cochran_____